IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS PATRICK LANDRETH, | ) | |
| | ) | |
|     Plaintiff and Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02447-STA-egb |
| | ) | |
| MILAN SUPPLY CHAIN SOLUTIONS, | ) | |
| INC., f/k/a MILAN EXPRESS CO., INC., | ) | |
| | ) | |
|     Defendant and Counter-Plaintiff. | ) | |

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Plaintiff and Counter-Defendant ("Plaintiff") Thomas Landreth's Motion for Judgment on the Pleadings, which was filed on October 19, 2018, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c). (ECF No. 15.) Defendant and Counter-Plaintiff Milan Supply Chain Solutions, Inc., ("Defendant") responded in opposition on November 11, 2018. (ECF No. 20.) Plaintiff replied on November 26, 2018. (ECF No. 23.) Because this Court agrees that it lacks subject-matter jurisdiction over Defendant's First Amended Counter-Complaint, the Motion, as styled by Plaintiff, is **GRANTED**.

Background

On July 2, 2018, Plaintiff filed a Complaint in this Court alleging that Defendant violated the Age Discrimination in Employment Act ("ADEA") when it terminated Plaintiff from his employment on the basis of age. (ECF No. 1.) Plaintiff also alleges that Defendant

1

failed to comply with the Older Workers Benefit Protection Act ("OWBPA"), thereby rendering the Waiver and Release Plaintiff signed invalid. (*Id.*)

Defendant filed its Answer and Counter-Complaint on July 30, 2018. (ECF No. 10.) Defendant denies violating the ADEA and OWBPA when it terminated Plaintiff's employment. (*Id.*) In its Counter-Complaint, which is currently at issue, Defendant claims that Plaintiff (1) breached the Agreement Regarding Confidential Information and Non-Solicitation ("Agreement I"), which Plaintiff signed on June 16, 2015; (2) breached the Confidential Separation Agreement ("Agreement II"), which Plaintiff signed on August 31, 2017; (3) tortiously interfered with Defendant's business relations; (4) conspired to interfere with Defendant's business relationships; (5) violated the Tennessee Personal and Commercial Computer Act of 2003; and (6) defamed Defendant.

In his Motion, Plaintiff asserts that (1) this Court lacks subject-matter jurisdiction over Defendant's First Amended Counter-Complaint and, alternatively, (2) Plaintiff is entitled to a judgment on the pleadings on the merits of Defendant's claims. (*Id.*) In its Response, Defendant asserts that this Court has supplemental jurisdiction over its counterclaims. (ECF No. 20.) Further, Defendant contends that it pleaded sufficient facts to support its counterclaims. (*Id.*) Finally, Defendant moves that this Court impose sanctions and award Defendant attorneys' fees "based on Plaintiff misrepresenting the facts and law to the Court and for filing [the] frivolous [Motion for Judgment on the Pleadings]." (*Id.* at 24.) In his Reply, Plaintiff reiterates his primary argument: this Court does not have subject-matter jurisdiction over Defendant's counterclaims. (*Id.* at 2-4.) Plaintiff also refutes Defendant's repetitive, bold assertions that Plaintiff made misstatements and misrepresentations (*see, e.g.*, ECF No. 20 at 9, 10, 11, 14, 18, 21, and 23) and, thus, filed a

frivolous Motion (*see* ECF No. 20 at 24). (ECF No. 24.) Plaintiff asks this Court to strike Defendant's Motion for Sanctions (ECF No. 20 at 24) because its filing was inconsistent with Federal Rule of Civil Procedure 11(c). (ECF No. 23 at 1-2.)

Analysis

In accordance with Federal Rule of Civil Procedure 12(g), Plaintiff consolidated his motions pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c) in his Motion for Judgment on the Pleadings. Plaintiff's Motion is properly before this Court, as it was filed "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Though Plaintiff's Motion is pursuant to both Federal Rules of Civil Procedure 12(b)(1) and 12(c), this Court must first determine whether subject-matter jurisdiction exists before reaching the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (discussing a "long and venerable" line of Supreme Court cases reflecting the fundamental principle that without jurisdiction, a court's only function is to announce the lack of jurisdiction and dismiss the case). There are two ways a 12(b)(1) motion can attack a jurisdictional assertion.

> A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face [(facial attack)], in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis [(factual attack)] for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that [subject-matter] jurisdiction exists.

*Penn, LLC v. Prosper Bus. Dev. Corp.*, No. 2:10-cv-993, 2011 WL 2118072, at *4 (S.D. Ohio May 27, 2011) (quoting *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir.2004) (citing *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125; 1133-35 (6th Cir.1996))). Before the Court is a facial attack, so this Court limits its consideration to Defendant's allegations in the Counter-Complaint and assumes them to be true. *See Ammons*

3

*v. Ally Financial Inc.*, 305 F.Supp.3d 818, 820 (M.D. Tenn. 2018). Before considering the Counter-Complaint, however, this Court establishes its original jurisdiction over the Plaintiff's Complaint.

I. **THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THE ORIGINAL COMPLAINT.**

This Court has original jurisdiction in two circumstances: (1) where diversity jurisdiction—which has not been pleaded here—exists and (2) in "all civil actions arising under the Constitution, laws, or treaties of the United States," which is referred to as federal question jurisdiction. 28 U.S.C. §§ 1331-32. A federal district court has federal question jurisdiction if the plaintiff's well-pleaded complaint raises issues of federal law. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997) (citing *Metropolitan Life Inc. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 152 (1908))). This "well-pleaded complaint rule" is the basic principle marking the boundaries of the federal question jurisdiction. *Metropolitan Life Inc. Co.*, 481 U.S. at 63 (citing *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-12 (1983)).

This Court has federal question jurisdiction over Plaintiff's claims, as they stem from alleged ADEA and OWBPA violations. *See* 29 U.S.C. § 623; 29 C.F.R. § 1625.22. Defendant employed Plaintiff from 2001 until 2017 (ECF No. 1 at 2; ECF No. 11 at 1-2), when Defendant terminated Plaintiff's employment—allegedly—in favor of a "younger and less qualified" employee (ECF No. 1 at 6). On its face, this alleged act is violative of the ADEA, which prohibits an employer from "discharge[ing] any individual . . . because of such individual's age." 29 U.S.C. §623(a)(1).

Plaintiff's well-pleaded Complaint establishes this Court's original, federal question jurisdiction. Defendant's claims in its Counter-Complaint, however, allege state-law violations. Therefore, this Court must determine whether it has any alternative basis for subject-matter jurisdiction.

## II. THIS COURT DOES NOT HAVE SUBJECT-MATTER JURISDICTION OVER DEFENDANT'S CLAIMS SET FORTH IN THE COUNTER-COMPLAINT.

Because federal courts have limited jurisdiction, there is a presumption against federal court jurisdiction. "Whenever it appears by suggestion of the parties or otherwise that the court lacks [subject-matter jurisdiction], the court shall dismiss the action." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)). Here, Plaintiff asserts that this Court lacks jurisdiction over Defendant's state law claims. This Court agrees. Defendant failed to adequately plead subject-matter jurisdiction in its Counter-Complaint. Regardless of its failure to adequately plead jurisdiction, neither Defendant's Counter-Complaint nor its Response provide a basis for federal question or supplemental jurisdiction.

### A. DEFENDANT FAILED TO SUFFICIENTLY PLEAD SUBJECT-MATTER JURISDICTION IN ITS COUNTER-COMPLAINT.

In accordance with Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." A plaintiff (or, here, defendant/counter-plaintiff) bears the burden of proof to demonstrate at the outset of his case that the federal court has the authority to hear the case. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936). In the complaint, the counter-plaintiff must state the

grounds on which this Court has jurisdiction. *Berry v. Gen. Motors Corp.*, 848 F.2d 188 (6th Cir. 1988) (citing Fed. R. Civ. P. 8(a)). This affirmative duty is not onerous. Yet, Defendant provides neither an adequate jurisdictional statement nor facts to support such jurisdiction.

In its Counter-Complaint, Defendant states, "The allegations regarding the parties, personal and subject-matter jurisdiction[,] and venue set forth in the Complaint at Paragraphs 1 through 6 are re-alleged and incorporated herein by reference," with no additional statements to support it. (ECF No. 11 at ¶ 1.) Defendant makes no further pleadings or contentions related to subject-matter jurisdiction in its Counter-Complaint. The paragraph pleading subject-matter jurisdiction in Plaintiff's Complaint, to which Defendant refers, states that "[t]his Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this case involves a federal question under the Age Discrimination Act ('ADEA')." (ECF No. 1 at ¶ 4.) This reference is irrelevant to Defendant's claims: they do not relate to Plaintiff's allegations of discrimination. Rather, Defendant asserts causes of action arising out of Tennessee state law.

"Where subject-matter jurisdiction is challenged pursuant to Rule 12(b)(1), the non-moving party has the burden of proving jurisdiction in order to survive the motion." *Edwards v. Equitable Acceptance Corp.*, 2015 WL 3607297, at *1 (M.D. Tenn. April 5, 2018) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990.)). Here, Defendant fails to show that this Court has original jurisdiction. Defendant, however, contends that this Court has supplemental jurisdiction.

    B. THIS COURT DOES NOT HAVE SUPPLEMENTAL JURISDICTION OVER DEFENDANT'S STATE LAW CLAIMS.

This Court has supplemental jurisdiction over claims that do not fall within its original jurisdiction but "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367; *see also* Fed R. Civ. P. 13 (providing for counterclaims that "arise[] out of the transaction or occurrence that is the subject-matter of the opposing party's claim"). The Sixth Circuit has interpreted this rule to require that the claims over which a court asserts original and supplemental jurisdiction must derive from "a common nucleus of operative fact." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (citing *White v. Cnty. Of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993) ("Supplemental claims . . . . need only revolve around a central fact pattern.")). Here, the facts on which Plaintiff's and Defendant's claims depend are distinct.

1. Plaintiff's claims depend on Defendant's alleged discriminatory intent in ceasing Plaintiff's employment.

Plaintiff's sole cause of action is age discrimination. (ECF No. 1 at 9.) For Plaintiff to prevail on a claim under the ADEA, he must "prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141-43 (2000)). "For an employer to take an adverse action 'because of age' means '"that age was the 'reason' that the employer decided to act."'" *Scheick v. Tecumseh Public Schools*, 766 F.3d 523 (6th Cir. 2014) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 350 (2013) (quoting *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009))).

The facts as set out in Plaintiff's Complaint are as follows. Plaintiff, a sixty-year-old man, was the Director of Loss Prevention for Defendant from July of 2001 until August of 2017, when Defendant terminated Plaintiff's employment. (ECF No. 1 at 2.) Plaintiff's involuntary termination was attributed to a workforce reduction. (*Id.*) Plaintiff asserts, however, that his age was the but-for cause of his termination. (*Id.* at 8.) To support his claim, Plaintiff contends that his position was renamed and given to a younger, less qualified employee. (*Id.* at 9.) Plaintiff further asserts that he was not the only employee terminated on the basis of age, as six of the seven other individuals terminated were also over the age of forty. (*Id.* at 6.)

Plaintiff also directs this Court to particular provisions of a Confidential Separation Agreement and General Release and Waiver (collectively "the Agreement"), which Plaintiff was required to sign within two days of receipt as a prerequisite to receiving a severance package. (ECF No. 1 at 3.) In the Agreement, Plaintiff expressly waived "rights or claims under the Age Discrimination in Employment Act of 1967." (*Id.* at 4.) Plaintiff challenges this provision, arguing that it—and, presumably, the rest of the Agreement—is invalid and nonbinding, because Defendant did not allow Plaintiff the twenty-one days to consider the agreement, as required by the OWBPA. (*Id.*)

Plaintiff's purpose in contesting the validity of the Agreement is two-fold. First, Plaintiff argues that the Agreement is invalid so that he might be able bring this suit, as prohibited by the contract. (*Id.* at 6-7.) Second, Plaintiff wishes to retain his payments pursuant to the severance package. (*Id.*) Disputes arising out of the Agreement are not at issue here. Rather, Defendant's alleged discrimination is at issue. At this stage in the pleadings, this Court makes no finding as to the validity of the Agreement. When it does,

however, the finding will be preliminary to determining the merits of Plaintiff's discrimination claim.

The ADEA—allowing for this Court's jurisdiction—is concerned with discriminatory intent in employment termination as it pertains to Plaintiff. When analyzing the merits of Plaintiff's claims, this Court will inquire as to actions and intent *preceding* Plaintiff's termination. The testimony relative to those findings will be derived from, among others, those who made the determination to terminate Plaintiff from his employment. Plaintiff's claims do not rest on any alleged acts following his termination from employment at Milan Supply Chain Solutions, Inc. Defendant's claims, however, rest solely on alleged acts upon and following Plaintiff's departure.

2. Defendant's claims depend on Plaintiff's alleged tortious conduct and contract breaches.

Defendant's causes of action are breach of contract, tortious interference with business relations, intracorporate civil conspiracy, violation of the Tennessee Personal and Commercial Computer Act of 2003, and defamation. Defendant alleges that Plaintiff was terminated from his employment at Milan Supply Chain Solutions, Inc., for legitimate, non-discriminatory business reasons. (ECF No. 11 at 6.) The facts Defendant provides related to Plaintiff's firing cease upon Defendant's setting forth the facts related to Plaintiff's alleged contract breaches and tortious conduct. (*See Id.*)

Defendant asserts that in September of 2017—the month after Plaintiff's firing—Plaintiff breached his contract when he allegedly defamed Defendant. (*Id.* at 9.) Defendant alleges that both Plaintiff and Plaintiff's brother were disparaging and threatening to continue disparaging Defendant. (*Id.*) Defendant contends that in December of 2017—four months

9

after Plaintiff's firing—Plaintiff began soliciting Defendant's employees to leave their employment and work for Ozark, Plaintiff's new place of employment. (*Id.* at 7.) Further, Defendant alleges that Ozark condoned or encouraged Plaintiff's alleged solicitation of Defendant's employees. (*Id.*) Defendant also alleges that Plaintiff copied confidential electronic files around the time of his termination from employment. (*Id.* at 8.) These actions, according to Defendant, amounted to breach of contract, defamation, tortious interference with business relations, a violation of the Tennessee Personal and Commercial Computer Act of 2003, and intracorporate civil conspiracy—all of which arise out of Tennessee statutory or common law, not federal law.

None of Plaintiff's alleged infractions are related to his claims of discrimination. Not only are the claims' timelines distinct, the facts are distinct. The proof at trial will similarly be distinct. While both Plaintiff and Defendant will be required to put on proof as to the validity of the Agreement, for Plaintiff, the inquiry as to the Agreement will halt there. This Court will look to the actions preceding and unrelated to the Agreement. Whereas in Defendant's case, the inquiry as to Plaintiff's actions will all relate back, as least minimally, to the Agreement. There is no common nucleus of operative facts as applied by courts. This Court, therefore, finds that Plaintiff's claims and Defendant's claims are separate cases or controversies. Thus, this Court does not have supplemental jurisdiction over Defendant's claims. Because there are no other grounds for subject-matter jurisdiction, Defendant's Counter-Complaint is **DISMISSED**.

### III. DEFENDANT'S MOTION FOR SANCTIONS IS DENIED BECAUSE IT IS NOT PROPERLY BEFORE THIS COURT AND PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS IS NOT FRIVOLOUS.

Federal Rule of Civil Procedure 11(c)(2) states that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Here, Defendant "moves for an award of sanctions and attorney fees based on Plaintiff misrepresenting the facts and law to the Court and for filing this frivolous [Motion for Judgment on the Pleadings]." (ECF No. 20 at 24.) Rather than filing its motion separately, Defendant referenced it throughout and included it as a section on the last page of his Response. (*Id.*) This filing is not in accordance with Federal Rule of Civil Procedure 11(c)(2). Further, Rule 11 indicates that this Court is empowered to exercise its discretion with regard to the imposition of sanctions. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 385 (1990). Because the Motion was improperly filed and this Court does not find Plaintiff's Motion to be frivolous or in bad faith, Defendant's Motion for Sanctions is **DENIED**.

### Conclusion

For the aforementioned reasons, Defendant's Motion for Sanctions and Attorney Fees (ECF No. 20) is **DENIED**. Because this Court lacks subject-matter jurisdiction over Defendant's Counter-Complaint, this Court has no need to reach Plaintiff's Motion pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff's Motion is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1).

**IT IS SO ORDERED**.

> s/ S. Thomas Anderson
> S. THOMAS ANDERSON
> CHIEF UNITED STATES DISTRICT JUDGE
>
> Date: March 1, 2019.